**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
:
MARILYN GALARZA, :
:
:
Plaintiff, : 20-CV-06245 (OTW)
:
-against- : **OPINION & ORDER**
:
:
:
:
:
COMMISSIONER OF SOCIAL SECURITY, :
:
Defendant. :
:
:
:
-----------------------------------------------------------

**ONA T. WANG, United States Magistrate Judge:**

**I.      Introduction**

On February 23, 2017, Plaintiff Marilyn Galarza filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning October 1, 2016 (SSA Administrative Record, dated March 24, 2021, ECF 15 ("R."), 143-50), due to fibromyalgia, chronic migraines with thunder clap headaches, and pre-diabetes. (R. 171). The claim was denied initially on May 18, 2017. (R. 71-75). Following a hearing held on January 15, 2019, Administrative Law Judge ("ALJ") Hortensia Haaversen denied Plaintiff's application through a written decision dated April 17, 2019. (R. 7-16; 35-63).

In her decision, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 13). The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a

full range of light work. (R. 13). The ALJ found that Plaintiff was capable of performing her past relevant work. (R. 15-16). Plaintiff requested a review of the ALJ's decision, which was denied by the Appeals Council, making the ALJ's decision the final Agency decision. (R. 1-3).

This appeal followed. I have this case before me on the consent of the parties, pursuant to 28 U.S.C. § 636(c). (Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, dated September 30, 2020, ECF 10). The parties jointly stipulated to the facts, detailing Plaintiff's medical history and the administrative hearing testimony, which I incorporate by reference.

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**, the Commissioner's Cross Motion for Judgment on the Pleadings is **DENIED**, and the case is remanded for further proceedings pursuant to 42 U.S.C. § 405(g).

**II.    Background**

Plaintiff was 51 years old at the onset of her alleged disability. (R. 64). She has a tenth-grade education. (R. 172). She worked as an assistant, customer service manager, project manager, and storage manager. (R. 172). Prior to the alleged disability onset date, Plaintiff was treated for hand swelling and thunder clap headaches. (R. 252). Dr. Tun-Chiong found Plaintiff had a soft tissue mass and mild swelling of the left thumb, as well as swelling of the left knee. (R. 253, 274). Since the onset of her alleged disability, Plaintiff has sought treatments from several different physicians and specialists for her impairments: headaches, fibromyalgia, and obesity. Of those involved in Plaintiff's treatments, Yolanda Tun Chiong, D.O., Plaintiff's primary care physician, Jade Yun Hon, M.D., Plaintiff's care physician, Harry Shen, M.D., Plaintiff's

rheumatologist, and R. Gauthier, M.D., the state agency's consulting physician, provided opinion evidence that was analyzed by the ALJ in her decision.

    A. The ALJ's Decision

The ALJ applied a five-step analysis and concluded that Plaintiff was not disabled under the Social Security Act. (R. 11). After finding that Plaintiff had not engaged in substantial gainful activity since October 1, 2016, the alleged onset date, the ALJ concluded that Plaintiff suffered from the following severe impairments: headaches, fibromyalgia, and obesity. (R. 12). The ALJ concluded that Plaintiff's impairment did not fall under any of the impairment listings of 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 13). Based on Plaintiff's RFC, the ALJ concluded that Plaintiff could perform her past relevant work. (R. 13-16).

**III.    Analysis**

    A. Applicable Law

**1. Standard of Review**

A motion for judgment on the pleadings should be granted if the pleadings make it clear that the moving party is entitled to judgment as a matter of law. However, a court's review of the commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the commissioner and whether the correct legal standards were applied. Substantial evidence is more than a mere scintilla but requires the existence of "relevant evidence" that "a reasonable mind might accept as adequate to support a conclusion," even if there exists contrary evidence. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (same). This is a "very deferential standard of review." *Brault v.*

*Soc. Sec*. *Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). The Court may not determine *de novo* whether Plaintiff is disabled but must accept the ALJ's findings unless "a reasonable factfinder would have to conclude otherwise." *Id*.

### 2. Determination of Disability

To be awarded disability benefits, the Social Security Act requires that one has the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2020); *see also* 20 C.F.R. § 416.905(a) (2012). An ALJ makes this determination through a five-step evaluation process, for which the burden rests on the plaintiff for the first four steps and only after all four steps are satisfied does the burden then shift to the commissioner for the final step. 20 C.F.R. § 416.920 (2012).

First, an ALJ must determine that the plaintiff is not currently engaged in substantial gainful activity. Second, an ALJ must find that the plaintiff's impairment is so severe that it limits her ability to perform basic work activities. Third, an ALJ must evaluate whether the plaintiff's impairment falls under one of the impairment listings in 20 C.F.R. Pt. 404, Subpart P, Appendix 1, ("Listings"), such that she may be presumed to be disabled. Absent that, an ALJ must then determine the claimant's RFC, or her ability to perform physical and mental work activities on a sustained basis. Fourth, an ALJ then evaluates if the plaintiff's RFC precludes her from meeting the physical and mental demands of her prior employment. If the plaintiff has satisfied all four of these steps, the burden then shifts to the commissioner to prove that based

on the plaintiff's RFC, age, education, and past work experience, the plaintiff is capable of performing some other work that exists in the national economy.

    B.   Analysis of ALJ's Decision

Plaintiff raises one issue with the ALJ's decision. Plaintiff claims that the ALJ failed to develop the record. (Joint Stipulation, dated September 8, 2021, ECF 22 ("Stip.")). However, the ALJ properly developed the record and did consider the opinions of Dr. Shen[1], Dr. Tun-Choing[2], and Dr. Hon[3] when determining Plaintiff's RFC. The record also contains hundreds of pages of medical records from Plaintiff's treating physicians, including her rheumatologist and neurologist, that documented Plaintiff's subjective complaints, physical exam findings, objective imaging, treatment, and diagnoses over the course of years. (R. 227-696). The real issue here is that the ALJ failed to consider the persuasiveness of opinions from all medical sources under § 20 C.F.R. 1520c(a).

1. **The ALJ Failed to Properly Address the Supportability and Consistency Factors When Deciding Plaintiff's RFC.**

Plaintiff began seeing treating physician Dr. Tun-Chiong on July 14, 2016. Dr. Tun-Chiong found that Plaintiff had a soft tissue mass and mild swelling of the left thumb, as well as swelling of the left knee. (R. 253). Dr. Tun-Chiong continued Plaintiff's treatment and assessed Plaintiff suffered from fibromyalgia. (R. 236, 586). On February 17, 2017, Plaintiff treated with Dr. Hon. Dr. Hon assessed that Plaintiff suffered from thunder clap headaches and right sided

---

[1] The ALJ noted the Plaintiff's subjective statements of brain fog attributable to fibromyalgia were not consistently reflected in the medical record after considering Evidence 12F, Dr. Shen's opinion. (R. 14).
[2] The ALJ considered Evidence 17F, Dr. Tun-Chiong's opinion, and Evidence 14F, Dr. Hon's opinions when deciding Plaintiff's RFC affected by headaches. (R. 15).
[3] The ALJ noted that Plaintiff's gait was consistently observed without deficiency after considering Evidence 14F, Dr. Hon's opinion. (R. 14).

migraines. (R. 472). On May 2, 2017, Plaintiff treated with Dr. Shen, a rheumatologist. Dr. Shen found tenderness of Plaintiff's carpometacarpal and metacarpophalangeal joints, as well as tenderness of the shoulders and painful motion of the hips. (R. 430).

The ALJ did not properly address the supportability and consistency factors required under 20 C.F.R. § 404.1520c when deciding Plaintiff's RFC. According to the regulation, when evaluating the persuasiveness of different medical sources, an ALJ must consider supportability, consistency, the medical source's relationship with the claimant, specialization, and any other relevant factors. The most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2) (2012); *see also Soto v. Comm'r of Soc. Sec.*, 19-CV-4631, 2020 WL 5820566, at *4 (E.D.N.Y. Sept. 30, 2020) (holding that an ALJ must explain how he considered the supportability and consistency factors for a medical source's medical opinions); *see also Brianne S. v. Comm'r of Soc. Sec.*, 19-CV-1718, 2021 WL 856909, at *5 (W.D.N.Y. Mar. 8, 2021) (finding that failure to address supportability and a conclusory statement regarding consistency entitled a plaintiff to remand).

While an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources," she must weigh conflicting evidence in arriving at a decision on RFC. *Matta v. Astrue*, 508 Fed.Appx. 53, 56 (2d Cir. 2013). A court finds that the RFC determination was not supported by substantial evidence when the RFC was "based on the ALJ's interpretation of raw medical data and his own lay opinion." *Nicometo v. Colvin*, 11-CV-00899, 2016 WL 7320066, at (W.D.N.Y. Dec. 15, 2016).

Here, the ALJ failed to adequately address supportability and consistency when evaluating Dr. Gauthier's opinion alongside the opinions of other medical professionals, and

thus, remand is appropriate. In her decision, the ALJ noted that Plaintiff's statements were inconsistent with reports to medical providers and the medical record reflecting treatment history for the reported impairments. (R. 14). The ALJ heavily relied on Dr. Gauthier's opinion to determine Plaintiff's RFC because Dr. Gauthier issued his opinion based on a direct examination of Plaintiff. (R. 14). In Dr. Gauthier's opinion, he noted that Plaintiff would have the RFC of light work within one year of her surgery for breast cancer and would not experience limitations for any substantial length of time after surgery while in post-operative treatment. (R. 15). The ALJ was aware that Dr. Gauthier's opinion on Plaintiff's fibromyalgia could not be fully relied on because this portion of the opinion was inconsistent with Plaintiff's longitudinal medical record. (R. 15). However, the ALJ failed to explain how she concluded that Plaintiff had the RFC to perform light work when other medical records showed the opposite.[4] Only Dr. Gauthier's opinion found Plaintiff had no severe impairments. (R. 15). Therefore, the ALJ impermissibly substituted her own lay opinions for that of competent medical opinions and wrongly concluded that Dr. Gauthier's RFC assessment was reasonable.

---

[4] Dr. Tun-Choing assessed Plaintiff suffered from fibromyalgia. (R. 586). Dr. Hon noted that Plaintiff experienced chronic migraines and thunder clap headaches. (R. 477).

## IV.     Conclusion

Accordingly, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings is **DENIED**, and the case is remanded for further proceedings pursuant to 42 U.S.C. § 405(g).

**SO ORDERED.**

Dated: February 22, 2023
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge